# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In the Matter of the Marriage of: | DIVISION ONE |
| MICHELLE ROHTER, | No. 75105-1-I |
| Respondent, | UNPUBLISHED OPINION |
| and | |
| MICHAEL ROHTER, | |
| Appellant. | FILED: March 6, 2017 |

DWYER, J. — Michael Rohter appeals from the trial court's child support order and its order awarding maintenance for a period of five years to Michelle Rohter. Because the trial court adequately considered both the parties' relative financial circumstances and the appropriate statutory factors, he does not demonstrate that the trial court abused its discretion. We affirm.

I

Michael and Michelle[1] married in 2001 and separated in 2014. Together they have two children, ages 8 and 9 as of the filing of the petition for dissolution. At the time of their separation, Michael worked as a private pilot earning

---

[1] For ease of reference, we refer to the parties by their first names.

approximately $75,000 per year. Shortly following the separation, Michael changed jobs and began to earn $50,000 per year. He testified that he did so in order to have a more flexible work schedule and a better growth opportunity.

Michelle also worked as a pilot until she was injured and underwent rotator cuff surgery in 2014. Prior to their separation, the parties agreed that Michelle would began training to become a Montessori school teacher. She currently earns approximately $20,000 per year and expects to earn between $35,000 and $40,000 upon completion of her internship and securing a full-time position. As a result of her injury, the Department of Labor and Industries has determined her to be permanently partially disabled. Nevertheless, she plans to continue flying part-time during the summer, earning an expected $5,376 during those three months.

Both parties testified at trial as to their employment status, current and expected salaries, and financial conditions. Michelle also testified regarding her disability and how it prevents her from continuing to fly full-time. The trial court found Michael liable for child support in the amount of $656.11 per month, and awarded Michelle $1,000 per month in maintenance for five years. Additionally, the trial court awarded Michelle $10,000 in attorney fees after finding that Michael "was intransigent in his dealings in this matter." In making this determination, the trial court noted that Michael cashed out his 401(k) account in violation of the court's order, failed to account for the withdrawn proceeds, broke into the family garage to take items in violation of the court's order, and took other actions to delay and drive up the cost of litigation.

II

A

Michael contends that the trial court erred by ordering him to make child support payments to Michelle. This is so, he asserts, because the trial court failed to consider whether Michelle was voluntarily underemployed and could work more during the summer. He is wrong.

We review a trial court's order awarding child support for an abuse of discretion. In re Marriage of Griffin, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

In calculating child support payments, the trial court must determine whether a parent is voluntarily unemployed or underemployed based on that parent's "work history, education, health, and age, or any other relevant factors." RCW 26.19.071(6). A parent who is "'purposely underemployed to reduce the parent's child support obligation,'" will have income imputed to them. In re Marriage of Peterson, 80 Wn. App. 148, 153, 906 P.2d 1009 (1995) (quoting RCW 26.19.071(6)).

Here, the trial court concluded that neither parent was voluntarily underemployed. In so concluding, the trial court found that both parties agreed prior to their separation that Michelle would work as a Montessori school teacher and fly part-time during the summer. The trial court also took into consideration Michelle's permanent partial disability and found—based on testimony at trial by

Michelle and her employer—that she was reasonably able to fly four times per month for the three summer months that she was not working as a teacher.

Contrary to Michael's contentions, the trial court entertained evidence regarding how often Michelle was able to fly during the summer and considered that evidence in determining that she was not voluntarily underemployed.[2] Michael's appellate contention involves nothing more than disagreeing with the evidence that the trial court chose to credit. But we will not substitute our opinion for that of the trial court in such matters. Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009). Although Michael disagrees with the trial court's factual findings, the court's determination was tenable. There was no error.

B

Michael also contends that the trial court erred by awarding Michelle maintenance payments of $1,000 per month for a period of five years. This is so, he asserts, because the trial court failed to adequately consider all relevant factors. Again, he is wrong.

We review a trial court's award of maintenance for abuse of discretion. In re Marriage of Valente, 179 Wn. App. 817, 822, 320 P.3d 115 (2014). Maintenance is a "flexible tool by which the parties' standard of living may be equalized for an appropriate period of time." In re Marriage of Washburn, 101

---

[2] The evidence before the trial court consisted of Michelle's testimony regarding her injury and how flying more than periodically could aggravate the injury, as well as documentation from the Department of Labor and Industries setting forth its finding that she was permanently partially disabled and could no longer fly full-time as a result of the injury.

- 4 -

Wn.2d 168, 179, 677 P.2d 152 (1984). The relevant factors to be considered by a court awarding maintenance include, but are not limited to:

> (1) the financial resources of the party seeking maintenance, (2) the time needed to acquire education necessary to obtain employment, (3) the standard of living during the marriage, (4) the duration of the marriage, (5) the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance, (6) and the ability of the spouse from whom maintenance is sought to meet his or her needs and obligations while providing the other spouse with maintenance.

Valente, 179 Wn. App. at 821-22 (citing RCW 26.09.090). "The only limitation on amount and duration of maintenance under RCW 26.09.090 is that, in light of the relevant factors, the award must be just." In re Marriage of Bulicek, 59 Wn. App. 630, 633, 800 P.2d 394 (1990).

Here, the trial court heard testimony from both Michelle and Michael as to all of the relevant factors and considered those factors when awarding maintenance. The trial court found that the parties were married for 13 years and that Michelle was pursuing a teaching certificate after both parties agreed that she should become a teacher. The trial court found that Michelle was permanently partially disabled as a result of a work-related injury and that her injury prevented her from working full-time as a pilot. Finally, the trial court found that Michelle had a need for maintenance as her monthly income was insufficient to meet her needs. As for Michael's financial condition, the trial court found that he had earning potential of at least $75,000 annually and concluded that his income was sufficient to pay maintenance.

The record establishes that the trial court heard testimony from both parties and considered the relevant factors pursuant to RCW 26.09.090. Thus, there was no abuse of discretion. Accordingly, the trial court did not err.

III

Finally, Michelle requests attorney fees on appeal. The trial court awarded costs and attorney fees to Michelle based on Michael's intransigence, noting that he had liquidated and hidden assets in violation of a court order and otherwise attempted to delay and drive up the cost of litigation.

"As an independent ground we may award attorney fees and costs based on intransigence of a party, demonstrated by litigious behavior, bringing excessive motions, or discovery abuses. If intransigence is established, we need not consider the parties' resources." In re Marriage of Wallace, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002) (citations omitted). As the trial court awarded attorney fees based on Michael's intransigence, it would be inconsistent and would undercut the remedial effect of the original fee award were Michelle forced to use the sums awarded to defend this appeal. Accordingly, in order to keep Michelle in approximately the same financial position as the trial court's remedial order intended, we award Michelle fees and costs incurred for responding to this appeal. Upon compliance with RAP 18.1, a commissioner of our court will enter an appropriate order.

Affirmed.

We concur:

_Trickey, ACJ_

_Spearman, J._